[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant moves for stay of execution of ejectment on the grounds that after the second mortgagee, Helene Fishman, Trustee obtained title to the subject premises by way of foreclosure, a landlord-tenant relationship was created with the defendant mortgagor that precludes ejectment and requires a proceeding in summary process in the Housing Court to obtain possession.
The facts are as follows. Plaintiff One Stop Mortgage, Inc. initiated a foreclosure action against Lisa A. Arden, (hereinafter Arden) mortgagor, Helene Fishman, Trustee (hereinafter Fishman) as second mortgagee and others in November, 1998. Judgement of strict foreclosure was entered on March 3, 1999 with law day set for May, 24, 1999 and later extended to June 1, 1999. Arden failed to redeem on her law day, but Fishman did timely redeem and took title to the subject property. Shortly CT Page 15259 afterwards, on June 22, 1999, Fishman obtained an execution of ejectment. Arden and Fishman then discussed Arden purchasing the property and a written agreement was entered in between them on July 1, 1999 for a purchase price of $212,000, with non-refundable deposits to be made by Arden of $15,400 on July 31, 1999, $10,000 on September 30, 1999 and on November 30, 1999, and $31,600 on December 31, 1999, and the balance of purchase price at the closing on January 1, 2000.
Arden paid Fishman an initial payment of $5000 in early August and also paid $11,800 towards back taxes on the property. She testified that at the time she entered into the purchase agreement with Fishman, she also entered into a rental agreement at $2200 a month, and the first payment of $5000 went towards that rent. A representative of Fishman testified Arden attempted to pay the $2200 rent but Fishman refused it and refused to enter into a landlord-tenant relationship with Arden. The court believes the Fishman witness and finds that Arden and Fishman did not enter into a rental agreement and none of the money Arden paid to Fishman went towards rent.
However, the court finds that the purchase agreement providing for deposit payments over a period from July 1, 1999 until January 10, 2000 clearly contemplated that Arden would remain in possession of the premises until the closing with the permission of Fishman. This arrangement ordinarily would create a tenancy between the parties. C.G.S. Sec. 47a-1(1). But Sec.47a-2(2) provides specifically that "occupancy under a contract of sale of a dwelling unit . . . if the occupant is the purchaser. . . ." is exempt from Chapter 830 of the General Statutes (Landlord-Tenant law) and so does not create a tenancy.
Consequently, the court holds that no tenancy was created between Arden and Fishman, and Fishman is entitled to an order of ejectment against Arden. Defendant Arden's motion to stay execution of ejectment is denied.
Robert Satter Judge Trial Referee